## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**MARKUS GREEN,**

**PETITIONER,**

**V.**                                                                      **Case No.  A-24-CV-096-RP**

**BOBBY LUMPKIN,**

**RESPONDENT.**

_____

## ORDER

Before the Court is Petitioner Markus A. Green's "Motion to Set Aside Void Judgment." On April 18, 2024, the Court dismissed Petitioner's habeas corpus petition without prejudice. After consideration of Petitioner's, motion it is granted.

Petitioner, a frequent filer in this Court, filed a petition claiming his conviction and sentence out of Calhoun County was never processed by the Texas Department of Criminal Justice (TDCJ). He feared this would be discovered when he was released from state prison to begin his term of supervised release for his federal conviction and sentence in Cause No. 1:98-CR-254-JRN. Petitioner claims he has waited decades to receive his release certificate for the Calhoun County conviction.

Petitioner attempted to have his Calhoun County conviction and sentence acknowledged and calculated in previous state and federal petitions for writ of habeas corpus but was unsuccessful. Because Petitioner was convicted in Cause No. 1:98-CR-254-JRN, this Court ascertained from Petitioner's presentence report that Petitioner did indeed have a conviction out of Calhoun County. Court personnel confirmed Petitioner was convicted of felony theft and sentenced to five years' imprisonment on August 14, 1990, in Calhoun County in Cause No. 89-12-3983. Perplexed as to

why this conviction and sentence was never processed by TDCJ, court personnel contacted the Calhoun County Sheriff's Office to determine whether the conviction and sentence was transmitted to TDCJ after Petitioner was sentenced.  According to the Calhoun County Sheriff's Office, the paperwork was transmitted.  Yet, TDCJ had no record of it.  The Calhoun County Sheriff's Office agreed to transmit the paperwork again.  TDCJ's Inmate Information Details for Petitioner now includes the Calhoun County conviction along with Petitioner's other twelve state court convictions. Court personnel confirmed with TDCJ that Petitioner discharged his Calhoun County sentence on July 25, 1995.  As this issue had been resolved and Calhoun County was not within this Court's geographical boundaries, Petitioner's petition was dismissed.

Petitioner argues the Court did not have jurisdiction to resolve his claim regarding his Calhoun County conviction.  He asserts he filed the Section 2241 petition to modify his federal three-year term of supervised release which was unfavorably "impacted under a state of tolling in perpetuity."  Petitioner denies he was challenging the calculation of his sentence for the Calhoun County conviction in his petition despite the fact he complained in his petition about his Calhoun County conviction and his petition appeared to be based on the calculation of his sentence for that conviction.

In Cause No. A-98-CR-254-JRN, the Court barred Petitioner from filing any habeas case, petition, proceeding, or motion in the Western District of Texas that challenges his unauthorized use of a motor vehicle conviction, his counterfeiting conviction, or his practicing medicine without a license and causing psychological harm conviction.  (ECF No. 86).  Subsequently, the Court barred Petitioner from filing anything further in his criminal case related to his term of supervised release until he was released from state custody.  (ECF No. 102).  The Court advised that forthcoming

submissions regarding this matter, with the exception of a notice of appeal, would be neither addressed nor acknowledged.

Petitioner attempted to circumvent the Court's bar orders by filing a Section 2241 petition challenging his federal supervised release.  As Petitioner is barred from filing a challenge to his supervised release until he is released from state custody, his petition is dismissed.

It is therefore **ORDERED** that the "Motion to Set Aside Void Judgment," filed by Petitioner on May 8, 2024, is **GRANTED**.  The Court's Order and Judgment, filed April 18, 2024, are **VACATED**.

It is further **ORDERED** that Petitioner Markus Green's petition is **DISMISSED WITHOUT PREJUDICE**.  To the extent necessary, a certificate of appealability is **DENIED**. Petitioner is **BARRED** from filing any challenge to his term of federal supervised release until he is released from state custody.

It is further **ORDERED** that the Court certifies any appeal of this order is not taken in good faith.

It is finally **ORDERED** that Petitioner is **BARRED** from filing anything further in his case with the exception of a notice of appeal.

**SIGNED** on June 6, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

3